## UNITED STATES v. STANDARD EDUCATION SOC. et al.

### No. 4521.

District Court, N. D. Illinois.

Oct. 20, 1943.

190

J. Albert Woll, U. S. Dist. Atty., and John Peter Luliniski, Asst. U. S. Dist. Atty., both of Chicago, Ill., for the Government.

Henry Ward Beer, of New York City, and Anderson & Roche, of Chicago, Ill., for defendants.

SULLIVAN, District Judge.

The Government brings this action to recover penalties against defendants under Section 5(l) of the Federal Trade Commission Act, as amended on March 21, 1938, by the Wheeler-Lea Act, 15 U.S.C.A. § 45 (l), charging defendants with the sale or attempted sale of fifty-five encyclopedias in violation of what the Government alleges is a final modified order to cease and desist, issued on March 28, 1940, by the Federal Trade Commission, purportedly in accordance with a decree of the Circuit Court of Appeals for the Second Circuit, dated May 20th, 1938.

On February 25, 1929, long prior to the filing of the present action, the Federal Trade Commission issued its complaint against the above defendants, and served same upon them charging them with an unfair method of competition in connection with the sale of encyclopedias, in violation of Section 5 of the Federal Trade Commission Act of September 26, 1914. Defendants denied the charges, and in the course of the hearings which followed the Commission amended its complaint. Subsequently findings of fact were made by the Commission, and an order consisting of ten paragraphs numbered from 1 to 10, inclusive, was entered by it on December 24, 1931, directing defendants to cease and desist from pursuing such unfair methods as were complained of.

January 20, 1936, in accordance with Section 5 of the Federal Trade Commission Act, the Commission filed in the Circuit Court of Appeals for the Second Circuit its application for the affirmance and enforcement of its cease and desist order. Defendants thereupon filed their answer in the Circuit Court of Appeals denying violation of the cease and desist order, and praying that the application for enforcement of the order be dismissed, and the order be vacated and set aside.

November 12, 1936, the cause came on for argument, and on December 14, 1936, the Circuit Court of Appeals rendered an opinion, Federal Trade Comm. v. Standard Education Soc., 2 Cir., 86 F.2d 692, holding that those certain provisions of the cease and desist order numbered as paragraphs 1, 3 and 8, did not constitute any violation of the law and consequently should be reversed; that certain other provisions numbered as paragraphs 7 and 10 should be modified; and the remaining provisions, numbered as paragraphs 2, 4, 5, 6 and 9, should be affirmed. Thereafter the cease and desist order was amended in accordance with the opinion, and the Circuit Court of Appeals decreed that the cause should be remitted to the Commission, as Special Master, to hear and report back as to whether defendants had complied with the provisions thereof which had been affirmed, and those which had been modified and affirmed, the court specifically directing that further proceedings before it should await the return of the report of the Commission as Special Master, and entering an order on December 21, 1936, in accordance with this opinion. Thereafter, the Commission, by certiorari in the Supreme Court of the United States, sought review of those paragraphs of the Commission's cease and desist order which had been re-

versed as well as those which had been modified. The Supreme Court granted certiorari, Federal Trade Comm. v. Standard Education Soc., 301 U.S. 674, 57 S.Ct. 790, 81 L.Ed. 1335, and on November 8, 1937, 302 U.S. 112, 58 S.Ct. 113, 82 L.Ed. 141, reversed the decree of the Circuit Court of Appeals "except as to clause ten of the Federal Trade Commission's order," and remanded the cause to the "Circuit Court of Appeals for further proceedings in conformity with opinion of this court." The mandate of the Supreme Court then issued to the Circuit Court of Appeals, and on December 10, 1937, the clerk of the Circuit Court of Appeals entered a pro forma order reciting that the mandate of the Supreme Court be made the decision of this court.

Because the order of December 10, 1937, did not set forth the paragraphs of the Commission's order to cease and desist, the parties agreed that a resettlement of same by the Circuit Court of Appeals was necessary, and thereupon, on April 14, 1938, defendants moved the Circuit Court of Appeals for a resettlement of its order of December 10, 1937, which would set forth at length the provisions of the Commission's order to cease and desist. A difference of opinion arose between the defendants and the Commission as to the proper construction of the Supreme Court's opinion in relation to paragraph ten of the order. The Commission and the defendants each submitted a proposed decree, the court finally, on May 20, 1938, signing the decree submitted by the Commission, which recited, as had the decree entered by the Circuit Court of Appeals on December 21, 1936, approximately two and one-half years previously, that the cause was remitted to the Commission, as Special Master, to hear evidence and report back, and that the cause before the Circuit Court of Appeals should await the return of this report for such other proceedings as might be necessary.

On September 20, 1938, defendants, by certiorari to the Supreme Court, sought review of the decree of May 20, 1938, which petition was denied on November 7, 1938. Standard Education Soc. v. Federal Trade Comm., 305 U.S. 642, 59 S.Ct. 145, 83 L. Ed. 414. Meanwhile, on March 21, 1938, the Wheeler-Lea Act was passed which amended the Federal Trade Commission Act.

From the time of the entry by the Circuit Court of Appeals of its decree of May 20, 1938, until December, 1942, no steps seem to have been taken by the Commission to act as Special Master, to take testimony and report back to the Circuit Court of Appeals.

On March 28, 1940, the Commission issued what it designated as a modified order to cease and desist, alleged to be in accordance with the provisions of subsection h, i, j and k of Section 5 of the Federal Trade Commission Act, as amended by the Wheeler-Lea Act of March 21, 1938, and alleging also that the modified order was in conformity with the decree of the Circuit Court of Appeals. The modified order to cease and desist contained the following provision:

"It is further ordered that the respondents shall within thirty days after service upon them of this order, file with the Commission a report in writing, setting forth in detail the number and form in which they have complied with this order."

On April 1, 1940, the modified order to cease and desist was served on defendants, who did not, however, file with the Commission a report of compliance, but rather advised the Commission by letter that they were obeying the law.

On October 20, 1941, approximately a year and a half later, the Commission presented to the Circuit Court of Appeals a motion asking that the court temporarily relieve the Commission of its obligations under that portion of the court's decree which provided that the Commission should hear evidence and report back to the court as to whether or not the defendants had complied with the Commission's order to cease and desist, as the same had been affirmed, or modified and affirmed. The motion set out that this temporary relief was requested by the Commission pending the result of such action as might be taken against defendants by the Attorney General, at the request of the Commission, under the penalty provisions of the Federal Trade Commission act, as amended by the Wheeler-Lea Act of March 21, 1938. This motion was denied. Subsequently the Commission certified certain facts to the Attorney General, and as a result the present complaint under Section 5(l) of the Federal Trade Commission Act, as amended by the Wheeler-Lea Act was instituted in this court to recover penalties for the sale of encyclopedias in violation of the Commission's modified order to cease and desist.

October 15, 1942, defendants filed a petition in the proceeding pending before the

Circuit Court of Appeals, asking that the Attorney General, the United States Attorney for the Northern District of Illinois and the Commission be enjoined from the further prosecution of this penalty suit, which injunction was denied.

The first question for the court to decide is whether the Commission's modified order of March 28, 1940, was issued in conformity with Section 5(i) of the Federal Trade Commission Act. Defendants urge that the Commission's modified order to cease and desist constitutes a wrongful and unconstitutional assumption of power, and is a nullity issued in violation of the Circuit Court of Appeals' specific directions to the Commission to report back to the court as a special master.

Plaintiff urges that the Commission's order of March 28, 1940, was issued as provided by Section 5(i) of the Federal Trade Commission Act, and that it became final on April 27, 1940, and therefore there is no question as to the jurisdiction of the District Court over this suit or as to the sufficiency of the complaint.

■ The above statement of facts shows that the original order of the Commission was entered on December 24, 1931. On January 20, 1936, the Commission filed in the Second Circuit Court of Appeals an application for the affirmance and enforcement of that order. The Rule in the Second circuit is that upon the filing of such an application the Circuit Court of Appeals will first determine the validity of the Commission's order, and after it has affirmed the order in whole or in part, it will then consider the question of compliance. Federal Trade Commission v. Balme, 2 Cir., 23 F.2d 615, 618.

Following the above rule, the Circuit Court of Appeals proceeded to consider the validity of the Commission's order and on December 21, 1936, entered a decree substantially modifying the order and affirmed it as so modified. The decree contained a further clause remitting the proceeding to the Commission as Special Master to hear and report whether the defendants had complied with the provisions of the order which were affirmed.

The Supreme Court thereafter granted the Commission's petition for certiorari and reversed the Circuit Court of Appeals upon the merits. The case was remanded to the Circuit Court of Appeals for further proceedings in conformity with the opinion of the Supreme Court. The cause having been remanded the Clerk of the Circuit Court of Appeals on December 10, 1937, entered an order merely directing that the "mandate be filed and the decision of the Supreme Court of the United States be made the decision of this court." From this order neither the defendants nor the Commission could ascertain what provisions of the Commission's original order were to remain in force. The defendants then moved the Circuit Court of Appeals for a "resettlement of the order of the Court of December 10, 1937, so as to set forth its terms in full upon the ground that said order as originally entered is incorrect and further fails adequately to advise respondents in the premises." Finally on May 20, 1938, the court entered its final decree, which was the first and only definitive adjudication of the rights and obligations of the defendants as determined by the Supreme Court. This of course was after the passage of the Wheeler-Lea Act on March 21, 1938.

The Circuit Court of Appeals' decree of May 20, 1938, finally modified the order of the Commission and affirmed it as modified, and was then subject to review by the Supreme Court only upon the question of whether it complied with the mandate of the Supreme Court, pursuant to which it was issued. Petition for certiorari for such review was denied by the Supreme Court on November 7, 1938. The Commission's modified order of March 28, 1940, seems therefore to have been issued in accordance with the mandate of the Circuit Court of Appeals, and as authorized by Section 5(i) as amended by § 3 of the Wheeler-Lea Act, which provides that an order of the Commission shall become final upon (1) modification of the Commission's original order by a Circuit Court of Appeals, (2) denial by the Supreme Court of a petition for certiorari.

Defendants concede that the Act as amended provides that a cease and desist order entered prior to the amendment, but not theretofore reviewed by the courts, shall become final after the passage of the amendment, but assert that the finality provisions of section 5(g) to 5(j) do not apply in any case where the order was affirmed or modified by the Circuit Court of Appeals prior to the amendment.

■ I am of the opinion that there is no doubt but what the order of the Circuit Court of Appeals modifying and affirming the order of the Commission was made on

May 20, 1938, and that the Commission's modified order to cease and desist of March 28, 1940, was issued in compliance with Section 5(i) of the Federal Trade Commission Act as amended.

■ Section 5(i) of the Federal Trade Commission Act requires only that the Commission's orders shall have been modified by the Circuit Court of Appeals. There is no reference to enforcement. The Act, both before and after the Wheeler-Lea Amendment, provides for enforcement of the Commission's orders by the Circuit Court of Appeals, but the provisions of such enforcement are independent of and separate from the finality provisions of Sections 5(g) to 5(j). The Circuit Court of Appeals is vested with exclusive jurisdiction to enforce the Commission's cease and desist orders under Section 5(d), but that court has no jurisdiction over penalty suits. The two remedies are concurrent. Under Section 16 of the Act, 15 U.S.C.A. § 56, the Commission is required, whenever it has reason to believe that a final cease and desist order is being violated, to certify the facts to the Attorney General for institution of a penalty suit, and this requirement does not depend upon whether an enforcement proceeding is then pending in a Circuit Court of Appeals or not. Continuance of the enforcement proceedings in the Circuit Court of Appeals appears to be no bar to the commencement of a penalty suit, if, prior to the commencement of the suit, the Commission's order of May 28, 1940, has become final under the provisions of Section 5(i), as I believe it has.

■ However, inasmuch as the decree of the Circuit Court of Appeals provides that the proceeding before it be remitted to the Federal Trade Commission, as Special Master, to hear and report to it whether respondents have complied with the provisions of said order to cease and desist which were affirmed or modified and affirmed, and the relief sought here in the penalty suit is for violation of an order of the Commission to cease and desist after it has become final, the proceeding in this court will be continued until such time as the Commission makes its report to the Circuit Court of Appeals for the Second Circuit.

The question to be decided by the Circuit Court of Appeals is whether or not the defendants here have complied with the provisions of the cease and desist order;

the question before the court in the instant case is whether or not defendants have violated the same cease and desist order of the Commission. Hearings are now being carried on by the Commission, in conformity with the order of the Circuit Court of Appeals. Nothing will have been gained by also forcing defendants into the position of furnishing the same lengthy and expensive evidence in the penalty case.