428

FEDERAL TRADE COMMISSION v.
MILLERS' NATIONAL FEDERA-
TION et al.

No. 5276.

Court of Appeals of District of Columbia.

Argued Dec. 1, 1930.

Decided Feb. 2, 1931.

See, also, 57 App. D. C. 360, 23 F.(2d) 968.

Robert E. Healy, Martin A. Morrison, and James T. Clark, all of Washington, D. C., for appellant.

K. D. Loos, of Washington, D. C., Stephen A. Foster, of Chicago, Ill., E. Barrett Prettyman, of Washington, D. C., and Edward S. Rogers, of Chicago, Ill., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a decree of the Supreme Court of the District of Columbia enjoining the enforcement of subpœnas issued by the Federal Trade Commission.

In February, ·1924, the United States Senate adopted the following resolution: "Resolved, That the Federal Trade Commission be, and it is hereby, directed to investigate the production, distribution, transportation and sale of flour and bread, including by-products, and report its findings in full to the Senate, showing the costs, prices, and profits at each stage of the process of production and distribution from the time the wheat leaves the farm until the bread is delivered to the consumer; the extent and method of price fixing, price maintenance and price discrimination; the developments in the direction of monopoly and concentration of control in the milling and baking industries; and all evidence indicating the existence of agreements, conspiracies, or compensations in restraint of trade."

Thereafter the Commission directed an investigation and issued subpœnas for witnesses, requiring the production of certain records and papers belonging to the Millers' National Federation. ·The jurisdiction of the Commission to issue the subpœnas in question in the conduct of the investigation authorized by the resolution of the Senate is assailed. The subpœnas issued in this case require two things: First, the attendance of the witness to testify; and, second, to bring with him certain papers described in the subpœna. It may here be suggested that in the agreed statement of facts it is conceded by appellee federation that the documents and records named in the subpœnas are pertinent, relevant, and material to the matters concerning which the Commission was directed to make an investigation. Coming to the question of jurisdiction, we are of opinion that the matters referred to the Commission by the resolution of the Senate for investigation contemplates such an investigation as might have been pursued by a committee of the Senate for the procuring of facts and information in aid of possible legislation, since the subject-matter of the investigation relates to commerce, and is therefore within the legislative jurisdiction of Congress.

Section 5 of the Federal Trade Commission Act (15 USCA § 45) confers upon the Commission quasi judicial authority to institute a proceeding against any person, partnership, or corporation that it has reason to

believe has been or is using any unfair method of competition in commerce. The statute then provides a method of procedure by which the person complained of and charged with the offense of using unfair methods of competition shall be accorded a hearing, and, if found guilty, the Commission is authorized to issue an order requiring the person, partnership, or corporation to cease and desist from using such unfair methods of competition. The statute then provides for the enforcement of the order of the Commission, where the person charged fails or neglects to obey its order, by application to the proper Circuit Court of Appeals of the United States for the enforcement of its order. This action is referred to in the statute as a "proceeding."

Under section 6 of the act (15 USCA § 46(a), the Commission has power:

"(a) To gather and compile information concerning, and to investigate from time to time the organization, business, conduct, practices, and management of any corporation engaged in commerce, excepting banks and common carriers subject to the Act to regulate commerce, and its relation to other corporations and to individuals, associations, and partnerships. * * *

"(d) Upon the direction of the President or either House of Congress to investigate and report the facts relating to any alleged violations of the antitrust Acts by any corporation."

The power of investigation conferred upon the Commission by section 6 is different in character from the jurisdiction conferred by section 5. Section 6 contemplates an investigation for the collection of facts for the information of Congress in aid of the exercise of its legislative function, or for the President in aid of recommending necessary legislation. The validity of this act has been upheld in many cases, and for the purposes of this inquiry will be regarded as conceded.

Coming now to the power of the Commission to issue and enforce the subpœnas in question, section 9 of the Act (15 USCA § 49) provides as follows: "That for the purposes of this Act the commission, or its duly authorized agent or agents, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any documentary evidence of any corporation being investigated or proceeded against; and the commission shall have power to require by subpœna the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation. Any member of the commission may sign subpœnas, and members and examiners of the commission may administer oaths and affirmations, examine witnesses, and receive evidence."

The act then provides that the witnesses may be subpœnaed from any part of the United States to any place designated for the hearing, and, in case of contumacy or refusal to obey a subpœna so issued, on application to the District Court of the United States within the jurisdiction of which the hearing is had, an order may be obtained compelling the person so subpœnaed "to appear before the Commission or to produce documentary evidence if so ordered, or to give evidence touching the matter in question." For failure to obey such order, the party may be punished by the court for contempt.

It will be observed that under section 9 (15 USCA § 49) the Commission is empowered to issue subpœnas in any "proceeding" or "investigation" held under the general provisions of the Federal Trade Commission Act. Inasmuch, therefore, as the resolution of the Senate amounts to an order upon the Commission to conduct the investigation in question for the information of Congress, it is tantamount to a delegation of the power vested in the Senate itself to make such investigation to a subordinate agency of the government clothed with that authority.

In the case of McGrain v. Daugherty, 273 U. S. 135, 47 S. Ct. 319, 71 L. Ed. 580, 50 A. L. R. 1, the authority of a committee of Congress conducting an investigation in aid of proposed or contemplated legislation to subpœna and compel the attendance of witnesses was upheld. The decision, however, in this case went no further than to uphold the power to compel the attendance of witnesses. The court avoided any expression as to the jurisdiction of such a committee to compel the production of documentary evidence. But that question is not necessarily involved in this case. The Commission has jurisdiction to compel the attendance of the witness. In the event of his refusal to produce the documentary evidence described in the subpœna or to permit it to be used in evidence, an adequate remedy is afforded the Commission by the terms of the statute. These are, therefore, not matters which are subject to investigation by a court of equity, or to restraint by injunction, as the whole matter can be determined in a proceeding

430

where the Commission invokes the aid of the proper District Court to enforce its order.

The decree is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.