## UNITED STATES v. MORTON SALT CO.

## UNITED STATES v. INTERNATIONAL SALT CO.

Nos. 48 C 698, 48 C 699.

United States District Court,
N. D. Illinois, E. D,
Aug. 19, 1948.

Otto J. Keruer, Jr., of Chicago, Ill., for plaintiff.

McBride. & Bauer, of Chicago, Ill., for Morton Salt Co.

Charles H. G. Kimball and Ashcraft & Ashcraft, all of Chicago, Ill., for International Salt Co.

SULLIVAN, District Judge.

These actions are before the Court upon complaint filed by the United States which seek the enforcement of an order of the Federal Trade Commission dated September 2, 1947, requiring the defendants, and other corporations named in that order, to file special reports with the Federal Trade Commission within thirty days from the date of service. The complaint also seeks judgment against defendants for forfeiture in the sum of $100.00 per day for each day from and after April 1, 1948, that defendants have failed to file with the Federal Trade Commission the reports required by the order of September 2, 1947.

Each defendant has answered and filed a motion for summary judgment. The Government also has filed its motion for summary judgment. All parties are agreed that there is no genuine issue as to any material fact involved in the case.

Since the issues of law raised by the pleadings in the two actions are identical, the Court is considering both cases as one.

The suits grow out of the order of the Federal Trade Commission dated September 2, 1947, requiring these two defendants among others to file special reports with the Commission, the order reciting that it was issued in the public interest pursuant to the authority granted the Commission by subsections (a) and (b) of Section 6 of the Federal Trade Commission Act, 15 U.S.C. A. § 46 (a, b), and pursuant to Rule XXVI of the Commission's Rules, 15 U.S.C.A. following section 45, promulgated under subsection (g) of Section 6, claimed to implement the authority granted the Commission by subsection 6(b) "To require, by general or special orders, corporations engaged in commerce * * * to file with the commission in such form as the commission may prescribe, annual or special, or both annual and special, reports or answers in writing to specific questions, furnishing to the commission such information as it may require as to the organization, business, conduct, practices, management, and relation to other corporations, partnerships, and individuals of the respective corporations filing such reports or answers in writing." The default order of February 27, 1948, charging that defendants had failed to comply with the order of September 2, 1947, then followed.

Jurisdiction is founded on Section 9 of the Act, 15 U.S.C.A. § 49, which vests this Court with jurisdiction to command corporations to comply with any order of the Commission made pursuant to the Act, and on Section 10, 15 U.S.C.A. § 50, which vests this Court with jurisdiction of suits of the United States for the recovery of forfeitures if corporations fail to file required reports within the time fixed by the Commission for filing the same.

Defendants in their answers have set out certain matters relating to a prior proceeding against them by the Commission under Section 5 of the Act, 15 U.S.C.A. § 45, and it is agreed by both sides that the facts therein are as follows:

The Commission on September 18, 1940, issued its complaint under Section 5 of the Act charging defendants, and others, with engaging in an unlawful conspiracy to fix prices on, and to control the production of salt in connection with the sale and distribution of that commodity in interstate commerce. Answers were filed by the defendants therein admitting the alleged conspiracy. On November 10, 1941, the Commission issued its order to cease and desist, requiring the defendants to discontinue the conspiracy alleged in the complaint and admitted in the answers. A petition for review of the Commission's order was filed by the defendants in the Circuit Court of Appeals for the Seventh Circuit, which court rendered its opinion on March 8, 1943, reported as Salt Producers Association v. Federal Trade Commission, 134 F. 2d 354. On April 20, 1943, the Circuit Court of Appeals entered its decree modifying the Commission's order in certain respects, affirming it as modified and directing compliance therewith. On August 10, 1943, the Commission issued its modified order to cease and desist, as required by Section 5(i) of the Act, incorporating the changes directed by the Circuit Court of Appeals, and caused the same to be served on all of the defendants. In August, 1943, the respondents named in the decree of the Circuit Court of Appeals filed reports with the Commission showing the manner and form in which they were complying with the court's decree.

On September 2, 1947, the Commission alleges that it believed it was in the public interest to make a further investigation of the manner and form of compliance, and in aid of that investigation, pursuant to Sections 6(a) and 6(b) of the Act in aid of enforcement proceedings in Docket No. 4320 under Section 5 of the Act and pursuant to the Commission's Rule XXVI, issued its order requiring the defendants and others to file special compliance reports with the Commission within thirty days from the date of service, which was had on September 4, 1947. Later the Commission by letter order extended the time until November 1, 1947. The Government urges that the reports were not filed and that separate notices of default, as it insists is provided for in Section 10 of the Act, as a prerequisite to subjecting defendants to the $100.00 a day forfeiture for failure to file, were issued by the Commission on February 27, 1948, and served on each defendant on March 1, 1948. The Commission alleges that the thirty days specified in Section 10 and in the notices expired on April 1, 1948, and insists that defendants' failure to file the required reports continued, and that each defendant notified the Commission in writing that it would not comply with the order, and therefore these suits were filed to compel them to do so and to obtain judgment in favor of the United States for $100.00 per day from each for each day they are in default.

In their answers the defendants set out that pursuant to the requirements of the final decree of the United States Circuit Court of Appeals for the Seventh Circuit, defendants filed their reports of compliance with the Federal Trade Commission, and that the Commission received said reports without making any objection thereto. That the order of September 2, 1947, does not require them to file an annual or special report within the meaning of Section 10 of said Act. That the procedure sought to be pursued by the Federal Trade Commission is not reflected or set forth in any Rule of said Federal Trade Commission and has not been published in the Federal Register, as required by Section 3 of the Administrative Procedure Act, 5 U.S.C.A. § 1002, and that pursuant to the order of September 2,

1947, each defendant has filed an additional compliance report, by stating that it is complying in the same manner set out in its original compliance report.

The Commission insists that the present suits in this court have nothing whatsoever to do with the prior proceeding under Section 5 of the Act, except insofar as the Commission's authority to investigate compliance with the decree and modified order to cease and desist have been questioned. The Commission insists that these suits are not for the purpose of enforcing compliance with the decree of the Circuit Court of Appeals or the Commission's modified order to cease and desist, nor have the defendants been charged with a violation of that decree or modified order. That the Commission is only seeking by an investigatory process authorized by law, to obtain the facts as to the manner and form in which defendants have complied with that decree and modified order.

Defendants urge that there is no published rule or statement of procedure of the Commission which specifies, outlines or even refers to the use of Sections 6(a) and 6(b) or Section 10 of the Federal Trade Commission Act in aid of decrees entered under Section 5 of the Act, nor is there any reference in the Commission's Rules and Statements of Procedure to the procedure followed in the present proceedings. The former proceedings referred to as Docket No. 4320 when the matter was before the Federal Trade Commission, and as Case No. 7909 when it was in the Circuit Court of Appeals, were brought by the Federal Trade Commission under Section 5 of the Federal Trade Commission Act, and when the matter was on appeal before the Circuit Court of Appeals, that court, in its decree, reserved "jurisdiction of this cause to enter such further orders herein from time to time as may become necessary effectively to enforce compliance in every respect with this decree and to prevent evasion thereof. * * *"

■ Section 5 of the Federal Trade Commission Act itself provides for enforcement proceedings with respect to decrees entered thereunder, and subsection (*l*) thereof reads: "(*l*) Any person, partner-

ship, or corporation who violates an order of the Commission to cease and desist after it has become final, and while such order is in effect, shall forfeit and pay to the United States a civil penalty of not more than $5,000 for each violation, which shall accrue to the United States and may be recovered in a civil action brought by the United States."

A careful reading of the legislative history of the Act shows that Section 6 is only to be invoked in support of general economic surveys and not in aid of enforcement proceedings under a Section 5 decree. The Section 10 penalty provisions, on which the present proceeding is based, can be invoked only in connection with general economic survey proceedings under Section 6, and not in connection with enforcement proceedings under Section 5.

Where an appeal has been taken to the Circuit Court of Appeals, as was done in Docket No. 4320, Section 5 gives to the Circuit Court of Appeals sole jurisdiction of enforcement proceedings thereunder, and that court in order to enforce compliance with its decree specifically reserved jurisdiction of the cause, subject only to the Commission's right to pursue contempt proceedings in the Circuit Court of Appeals, or to collect the civil penalty provided by Section 5(*l*).

The Commission's order of September 2, 1947, here involved, required these defendants to "file additional reports showing in detail the manner and form in which it has been and is now complying with said modified order to cease and desist." On October 31, 1947, these defendants advised the Commission in writing that they were complying in the same manner as set forth in their original compliance reports filed in 1943, to which original reports no objection had ever been made by the Commission. The September 2, 1947 order also required the defendants, as a part of their additional reports, to submit a complete statement "of the prices, terms and conditions of sale of salt, together with books or compilations of freight rates used in calculating delivered prices, price lists and price announcements distributed, published or employed in marketing salt from and after January 1, 1944."

Sections 6(a) and 6(b) provide for economic reports. Section 6(a) provides: "That the Commission shall also have power—

"(a) To gather and compile information concerning, and to investigate from time to time the organization, business, conduct, practices, and management of any corporation engaged in commerce, excepting banks and common carriers subject to the Act to regulate commerce, and its relation to other corporations and to individuals, associations, and partnerships.

"(b) To require, by general or special orders, corporations engaged in commerce, excepting banks, and common carriers subject to the Act to regulate commerce, or any class of them, or any of them, respectively, to file with the commission in such form as the commission may prescribe, annual or special, or both annual and special, reports or answers in writing to specific questions, furnishing to the commission such information as it may require as to the organization, business, conduct, practices, management, and relation to other corporations, partnerships, and individuals of the respective corporations filing such reports or answers in writing. Such reports and answers shall be made under oath, or otherwise, as the commission may prescribe, and shall be filed with the commission within such reasonable period as the commission may prescribe, unless additional time be granted in any case by the commission."

A reading of the legislative history of Sections 6(a) and 6(b) convinces me that these sections are designed for the purpose of compelling corporations to make annual reports, and giving the Commission authority within its discretion to require special reports when it deemed that advisable, but is not related in any way to the enforcement of the law. The Federal Trade Commission Act, Section 10, provides that corporations shall be subject to the forfeiture of $100.00 a day only for failure to file annual reports and special reports when required by the Commission, in conformity with Section 6, but has no relation to the jurisdiction conferred by Section 5. At least two courts have in effect specifically denied the existence of any relationship between Section 5 and Section 6 of the Act. Federal Trade Commission v. Millers' National Federation, 60 App.D.C. 66, 47 F.2d 428, 429, where the court said: "The power of investigation conferred upon the Commission by section 6 is different in character from the jurisdiction conferred by section 5. Section 6 contemplates an investigation for the collection of facts for the information of Congress in aid of the exercise of its legislative function, or for the President in aid of recommending necessary legislation."

And in Federal Trade Commission v. Claire Furnace Co., 274 U.S. 160, 47 S.Ct. 553, 71 L.Ed. 978, where the Supreme Court makes the same distinction, quoted in this memorandum infra.

When Congress enacted the Federal Trade Commission Act, 15 U.S.C.A. § 41 et seq., the duties and powers of the new Commission seem to have been divided into two categories. The first category continued the power of investigation and publicity with respect to corporations formerly lodged in its predecessor, the Bureau of Corporations, and now contained in Sections 6(a) and 6(b) of the present Act. However, Congress added a new section, Section 10 providing for a forfeiture of $100.00 a day for failure to file the reports provided for in sections 6(a) and 6(b). The second category into which the duties of the Federal Trade Commission were divided was provided by Section 5 which prohibits unfair methods of competition and provides the method for its enforcement and penalties. Subsection (a) of Section 5 provides that unfair methods of competition in commerce and unfair and deceptive acts or practices in commerce are declared to be unlawful, and also provides that the Commission has power to prevent the use of such unfair methods. Subsection (b) sets out the jurisdiction and procedure by which the Commission may prosecute acts involving unfair methods of competition. Subsection (c) provides the appellate procedure available to respondents against whom a cease and desist order has been entered. Subsection (d) provides that "The jurisdiction of the Circuit Court of Appeals of the United States to affirm, enforce, modify, or set aside orders of the

424

Commission shall be exclusive." Subsections (g), (h), (i) and (j) set out the points of time at which a cease and desist order of the Commission becomes final.

I find nothing in Section 5 which gives the Commission power to modify or attempt to enforce, independently of the Circuit Court of Appeals, its original cease and desist order of 1943. Section 5 of the Federal Trade Commission Act is self-sufficient for enforcement proceedings with respect to decrees entered thereunder, and therefore the remedies available to the Commission are contempt proceedings in the Circuit Court of Appeals or penalty proceedings under Section 5($l$) of the Act.

The United States contends that the Commission's order of September 2, 1947 indicates that the purpose of the Commission's investigation was to determine the manner and form of compliance with the Commission's modified order to cease and desist of November 10, 1941. That the Commission's order of September 2, 1947 only asked that the defendants file reports indicating the manner and form of defendants' compliance with the modified order of the Commission to cease and desist and with the decree of the Circuit Court of Appeals. Defendants did file an additional compliance report with the Commission setting out that they were complying in the same manner as set forth in their original compliance reports filed in 1943. What defendants did not file is the documentary evidence requested by the Commission and not covered by Section 10 at all. Section 10 provides that only upon the failure of a corporation to file the annual or special reports referred to therein shall the penalty provision become operative. United States v. National Biscuit Company, D.C. 25 F. Supp. 329.

Federal Trade Commission v. Claire Furnace Co., 274 U.S. 160, 47 S.Ct. 553, 555, 71 L.Ed. 978, was a bill in equity brought by various coal, steel and related industries to enjoin the Federal Trade Commission from enforcing order issued by the Commission requiring those companies to furnish monthly reports of production, balance sheets and other voluminous information in detail. Without questioning appellee's right to seek relief by injunction, the Federal Trade Commission answered, admitting the issuance of the orders, claiming authority therefor under Sections 6, and 9, Federal Trade Commission Act. The cause was heard on a motion to strike the answer, the court holding the answer insufficient, and granted the injunction. The Supreme Court said:

"Appellees were not charged with practicing unfair methods of competition (Section 5, Act of Sept. 26, 1914 [Comp.St. § 8836e]), or violating the Clayton Act * * *. Orders under such charges can be enforced only through a Circuit Court of Appeals. * * *

"The action of the Commission here challenged must be justified, if at all, under the paragraphs of Sections 6 and 9, * * * and the only methods prescribed for enforcing orders permitted by any of these paragraphs are specified in Sections 9 and 10. They are application to the Attorney General to institute an action for mandamus, and proceedings by him to recover the prescribed penalties."

Sections 6 (a) and 6(b) of the Act provide for economic investigations by the Commission from time to time as to the organization, business, conduct, practice and management of any corporation engaged in commerce, and for the filing of annual or special reports. The penalty applicable for failure to file these reports has no relation to failure to comply with an order requiring information as to the manner in which an order to cease and desist is being observed, and the supplemental compliance report here involved is not one required by the Act and is clearly not the kind of report set out in Section 6(a) or Section 6(b).

Defendants concede, and I agree, that notwithstanding the reservation of jurisdiction by the Circuit Court of Appeals in its decree, the Commission may investigate any violations which it has reason to believe defendants are committing. In order to accomplish this the Commission may file a new complaint against defendants, alleging in what manner it considers that defendants are violating the Act. Or penalty proceedings under Section 5($l$) may be initiated by the United States for alleged

violations of the former decree in the Circuit Court of Appeals. Or contempt proceedings may be brought in the Circuit Court of Appeals.

The Commission insists that this is not a Section 5 proceeding, nor is it an attempt on the part of the Commission to enforce the decree of the Circuit Court of Appeals or the Commission's modified order to cease and desist; that it is purely an investigation to determine whether the defendants are complying with the former decree and the Commission's order. It seems to me, however, that the Commission is attempting indirectly to use the power given to it under Section 5 in order to secure the information it seeks under Section 6(a) and 6(b).

The Commission insists that under Section 6(g) it has the power to make rules and regulations for the purpose of carrying out the provisions of this Act. That under this authority it has promulgated Rule XXVI providing for the filing of reports and supplemental reports showing compliance with the Commission's orders. Defendants challenge this authority on the ground that nowhere in the Act is any statutory authority given to the Commission to require either compliance or supplemental compliance reports. The Commission also insists that Rule XXVI has nothing to do with Section 5 compliance reports, but is only in aid of economic survey reports under Section 6(b).

Subparagraph (a) of Rule XXVI provides for an original report of compliance with the Commission's cease and desist order. Subparagraph (b) sets out the right of the Commission to require from time to time, further supplemental reports of compliance. Subparagraph (c) provides how the reports shall be signed. Defendants urge that no court has ever declared this rule to be lawful, valid and enforceable; and that not until the present time, almost thirty-four years after the enactment of the Federal Trade Commission Act, has the Commission made an attempt to enforce subparagraph (b) thereof in a Section 5 proceeding. Nowhere in Section 5 can I find any reference whatever to compliance reports. Section 5 provides for the finality of a cease and desist order as soon as the jurisdiction of the Federal Trade Commission over it has been transferred to the Circuit Court of Appeals, but nowhere does Section 5 confer upon the Commission authority to make rules, and no rule-making paragraph of any statute could confer upon an administrative body authority to substantially alter the explicit provisions of a statutory enactment such as Section 5 of the Federal Trade Commission Act.

For all of the reasons set out herein I am of the opinion that plaintiff's motion for summary judgment for a mandatory injunction commanding defendants to file the reports requested by the Commission's order of September 2, 1947, and for judgment against the defendants in the amount of $100.00 a day for each day from and after April 1, 1948, should be denied.

Defendants' motions for summary judgment that defendants are not liable for the $100.00 a day penalty are allowed, and the complaint herein is dismissed for the reason that I believe this Court is without jurisdiction to entertain the same.