**UNITED STATES v. MORTON SALT CO.**

**UNITED STATES v. INTERNATIONAL SALT CO.**

No. 9753-4.

United States Court of Appeals Seventh Circuit.

May 20, 1949.

MINTON, Circuit Judge, dissenting.

———◇———

Otto Kerner, Jr., U. S. Attorney, John P. Lulinski, Asst. U. S. Atty., Chicago, Illinois, Joseph S. Wright, Assistant Gen-eral Counsel, J. B. Truly, Special Attorney, Federal Trade Commission, Washington, D. C., J. Stephen Doyle, Jr., Special Assistant to the Attorney General, Walter B. Wooden, Associate General Counsel, Washington, D. C., for appellant.

L. M. McBride, Harvey Wienke, Chicago, Ill., Charles H. G. Kimball, Chicago, Ill., Frederic R. Sanborn, Louis H. Hall, New York City, Putney, Twombly, Hall & Skidmore, New York City, James T. Welch, Washington, D. C. (McBride & Baker, Chicago, Illinois, Davies, Richberg, Beebe, Busick & Richardson, Washington, D. C., of counsel), for appellees.

Before MAJOR, Chief Judge, MINTON and DUFFY, Circuit Judges.

MAJOR, Chief Judge.

This action was commenced by the United States against numerous defendants, including International Salt Company and Morton Salt Company. From an adverse judgment entered August 20, 1948, the government separately appealed as to these two defendants. Only issues of law are involved in each appeal, and, being identical, they may appropriately be considered and disposed of in a single opinion.

The action, according to the complaint, was instituted by the Attorney General upon request of the Federal Trade Commission (hereinafter called the Commission) for the enforcement of a Commission order "requiring additional reports of compliance," and to recover forfeitures for failure of defendants to comply with such order. The action is predicated upon Title 15 U.S.C.A. § 49,[1] which vests the several District Courts of the United States with jurisdiction to direct a corporation to comply with an order issued by the Commission, and Sec. 50, which vests any District Court with jurisdiction of suits by the United States for the recovery of forfeitures if a corporation fails to file any report so required within the time fixed by the Commission.

The order sought to be enforced was issued by the Commission on September 2, 1947, under the authority asserted to reside

---

[1] Section numbers used in this opinion, unless otherwise noted, refer to the Federal Trade Commission Act, Title 15 U. S.C.A.

in Rule XXVI, 15 U.S.C.A. following section 45, promulgated by the Commission, and Sec. 46(a) and (b) of the Act. The complaint sets forth verbatim the order relied upon and the notice of default served on the defendants. There are attached to the complaint numerous exhibits, including a copy of Rule XXVI.

The court below in a well reasoned opinion held that it was without jurisdiction to entertain the cause of action. United States v. Morton Salt Co. and International Salt Co. v. United States, 80 F.Supp. 419. This holding was predicated upon the conclusion that the Commission's order of September 2, 1947 was invalid because issued without authority. It is obvious, so we think, that the right to maintain the instant action is dependent upon the validity of the order.

The issue thus presented calls for a further statement of the factual situation. On September 18, 1940, the Commission issued its complaint under Sec. 45, charging defendants and others with engaging in an unlawful conspiracy to fix prices on and to control the production of salt in connection with the sale and distribution of that commodity in interstate commerce. On November 10, 1941, the Commission issued its order to cease and desist, requiring the defendants to discontinue the conspiracy alleged in the complaint. A petition for review of the Commission's order was filed by the defendants in this court which rendered its opinion March 8, 1943. Salt Producers Association v. Federal Trade Commission, 7 Cir., 134 F.2d 354. On April 20, 1943, this court entered its decree modifying the Commission's order in certain respects, affirming it as modified and directing compliance therewith. In effect, this court by its decree enforced the modified cease and desist order under Sec. 45 and commanded these defendants (as well as the others) to obey said decree, without prejudice to the right of the Commission to initiate contempt proceedings or penalty proceedings under Sec. 45 (*l*), and it required the defendants to file a compliance report within ninety days and reserved to this court "jurisdiction of this cause to enter such further orders herein from time to time as may become necessary effectively to enforce compliance in every respect with this decree and to prevent evasion thereof * * *." Within the time thus designated in the decree of this court, each of the defendants filed a report with the Commission showing the manner and form in which they were complying with the court's decree. In the interim, during a period of more than five years, no question has been raised by the Commission as to the form or content of such compliance reports, and during said period the defendants have not been charged with a violation of the decree of this court and no request has been made by the Commission that this court order or direct an investigation into defendants' conduct.

The government apparently senses the insecurity of its position if it be held that the order sought to be enforced was in aid of or for the purpose of enforcement either of the decree of this court or the Commission's cease and desist order modified to conform therewith. And so any such purpose on the part of the Commission is disclaimed. There was no attempt, so it is asserted, to enforce either the court's decree or the Commission's order, but "the sole purpose of the order requiring the reports was to inquire as to the manner of compliance by defendants with the Commission's modified order to cease and desist * * * and this Court's decree enforcing that order." We have some difficulty in following a theory that the purpose was merely to obtain information as to whether defendants have been violating the decree of this court and at the same time denying that such purpose bears any relation to its enforcement. We are informed that if the defendants are shown to have violated the order of the Commission modified in conformity with the decree of this court, two courses are open, (1) it can certify the facts to the Attorney General under Sec. 56 of the Act, requesting that he file a civil suit seeking civil penalties under the provisions of Sec. 45(*l*), or (2) it can petition this court for a rule requiring defendants to show cause why they are not in contempt of court.

■ We, as the court below, do not agree with the government's contention that the Commission initiated a new investigation. The record plainly discloses that the controverted order was issued in connection with and as a part of the proceeding theretofore had under Sec. 45; in fact, the order itself calls for "an additional and supplemental report showing the manner and form of compliance with the modified order to cease and desist entered by the Commission on August 10, 1943, and with the decree of the Circuit Court of Appeals for the 7th Circuit entered on April 22, 1943." "Additional and supplemental" to what? The answer must be that such reference was to the report of compliance required by the decree of this court and that the order was only a further step in the proceeding of which this court retained jurisdiction. Any doubt in this respect is dispelled by the fact that the order of September 2, 1947 is given the same title and docket number as the Commission's original order dated November 10, 1941.

As already noted, this court retained jurisdiction "to enter such further orders * * * as may become necessary effectively to enforce compliance in every respect with this decree and to prevent evasion thereof." The jurisdictional reservation thus provided was in conformity with Sec. 45 of the Act; in fact, a reading of this section discloses in unmistakable fashion that every vestige of jurisdiction over a proceeding such as that under discussion was definitely lodged with the Court of Appeals. The court is given the power to enter a decree "affirming, modifying, or setting aside the order of the Commission, and enforcing the same to the extent that such order is affirmed," and "the court shall thereupon issue its own order commanding obedience to the terms of such order of the Commission." It is also provided, "The judgment and decree of the court shall be final, except that the same shall be subject to review by the Supreme Court upon certiorari." Not only was the court endowed with jurisdictional power, but by subsection (d) it was provided that such jurisdiction "shall be exclusive."

■ Thus, with enforcement jurisdiction so firmly and exclusively lodged in a Court of Appeals both by the statute and decree of the court, it would seem that one who asserts such jurisdiction to reside elsewhere is confronted with a heavy burden which can be met only by a rule or statutory provision, which makes clear a legislative purpose to impair or divide the jurisdictional responsibility provided in Sec. 45. Language which only confuses the situation or raises a doubt should not be accepted as sufficient.

An analysis of Sec. 46 furnishes no sound basis for the contention either that it can be utilized as an aid to a proceeding under Sec. 45 or that it was intended to impair or detract from the unambiguous and exclusive jurisdictional provision of that section.

Sec. 46, so far as relevant, empowers the Commission in paragraph (a) "To gather and compile information concerning, and to investigate * * * the organization, business, conduct, practices, and management of any corporation * * * and its relation to other corporations and to individuals, associations, and partnerships," and in paragraph (b) "To require, by general or special orders, corporations, * * * or any class of them, or any of them * * * to file with the commission * * * annual or special, or both annual and special, reports or answers in writing to specific questions * * *," which will inform the Commission regarding the business affairs of those corporations, and the "relation" thereof "to other corporations, partnerships, and individuals * * *."

Not only does the language fail to reveal any interdependence of the two sections, but the opposite is indicated. Sec. 46 is directed solely to a "corporation," while Sec. 45 refers to any "person, partnership, or corporation." Also, Sec. 46 is concerned with "annual or special, or both annual and special, reports", while Sec. 45 makes no mention of reports but leaves it to the court to "issue its own order commanding obedience to the terms of such order of the Commission."

■ Both sides have set forth, particularly with reference to Secs. 45 and 46, a large amount of legislative history, a discussion of which would serve no useful purpose. It can be safely said, however, that such history discloses that Secs. 45 and 46 were not intended as complementary but were designed as separate and distinct, each directed to different situations. The dual purposes embodied in the two sections were recognized in F. T. C. v. Millers' National Federation, 60 App.D.C. 66, 47 F.2d 428, 429, wherein the court stated: "The power of investigation conferred upon the Commission by section 6 is different in character from the jurisdiction conferred by section 5. Section 6 contemplates an investigation for the collection of facts for the information of Congress in aid of the exercise of its legislative function, or for the President in aid of recommending necessary legislation." See also F. T. C. et al. v. Claire Furnace Co. et al., 274 U.S. 160, 170, 47 S.Ct. 553, 71 L.Ed. 978.

■ The report required by the controverted order, as already noted, calls for "an additional or supplemental report showing the manner and form of compliance," while Sec. 46 is limited to "annual or special * * * reports." In order to bridge this gap we are urged to hold that there is no difference between "an additional or supplemental report" and a "special report." We are not impressed with this reasoning. It seems reasonably plain to us that the term "special report," as used in Sec. 46, means something entirely different and distinct from "an additional or supplemental report showing the manner and form of compliance." This view is strengthened from the fact that Sec. 50, upon which the instant forfeiture action is predicated, provides for recovery for failure to file "any annual or special report * * * within the time fixed by the Commission." It is of significance that this forfeiture section and Sec. 46 characterize the report precisely in the same manner. No forfeiture is provided for failure to file "an additional or supplemental report," as called for by the Commission's order in the instant matter. In fact, reports so designated are not, so far as we are aware, referred to any place in the Act.

■ Admittedly, the report required by the Commission's order in the instant matter is not an "annual report," and we think it equally plain that it is not a "special report." This view finds support in the House Committee's report on interstate and foreign commerce (Report No. 533, 63rd Congress, 2nd Session), wherein annual and special reports are discussed. The congressional committee stated the purpose in authorizing the Commission to require special reports as follows: "The Commission under this section may also require such special reports as it may deem advisable. By this means, if the ordinary data furnished by a corporation in its annual report does not adequately disclose its organization, financial condition, business practices, or relation to other corporations, there can be obtained by special report such additional information as the Commission may deem necessary." It thus appears that the purpose of the "special report" was to enable the Commission to obtain information which had not been furnished in the "annual report." In other words, the "special report" was intended as additional or supplemental to the "annual report" but not as additional or supplemental to an order of compliance under Sec. 45.

■ Irrespective, however, of Sec. 46, the Commission argues that its order is authorized by Rule XXVI. The substance of this rule is contained in two unnumbered paragraphs. The first paragraph requires that a report of compliance be made to the Commission within sixty days (1) after a cease and desist order has been issued by the Commission, or (2) where the parties stipulate to cease and desist. This paragraph contains a proviso as follows: " * * * provided, however, that if within the said sixty (60) day period respondent shall file petition for review in a circuit court of appeals, the time for filing report of compliance will begin to run de novo from the final judicial determination * * *." We do not understand the government to contend that this

paragraph is of any aid to its contention in the instant situation. Obviously, it is not because reports of compliance were made by the defendants within the time fixed by the court. It is interesting to note, however, that this court in its decree fixed ninety days within which the defendants were required to comply rather than the sixty days provided in the rule. It would seem either that the rule was not called to the court's attention or that it was ignored. And we have no doubt that the sixty-day limitation contained in this proviso was not binding upon the court, which had the authority to fix such time for compliance as it saw fit.

The Commission relies upon the second paragraph of the rule, which provides:

"Within its sound discretion, the Commission may require any respondent upon whom such order has been served and any party entering into such stipulation, to file with the Commission, from time to time thereafter, further reports in writing, setting forth in detail the manner and form in which they are complying with said order or with said stipulation."

The scope of this rule appears to depend upon what is meant by "such order * * * and any party entering into such stipulation." . Does it refer only to an order entered by the Commission and a party entering into a stipulation as provided for in the first paragraph of the rule, or does it include a court decree or an order of the Commission merged therein, as the plaintiff here contends?

■ The Commission, in support of its authority, relies upon Sec. 46(g), which provides:

"From time to time to classify corporations and to make rules and regulations for the purpose of carrying out the provisions of this Act."

Thus, two powers are conferred upon the Commission, (1) to classify corporations and (2) to make rules and regulations, and such powers are joined by the conjunction "and," which would indicate that the latter power is related to the former. As already noted, it is only Sec. 46 which is limited to corporations, while Sec. 45 includes any "person, partnership, or corporation." If the plaintiff's contention be accepted that the Commission is authorized by this provision to promulgate a rule directed to the enforcement of Sec. 45, then the exclusive jurisdiction which that section confers upon courts becomes little more than an empty gesture. We need not labor this point, however, because what we have said concerning Sec. 46 as it relates to Sec. 45 is also pertinent to Rule XXVI. In our view, the authority contained in Sec. 46(g) must be limited to Sec. 46. Use of language which indicates a broader scope is not difficult to understand because at the time of the insertion of Sec. 46(g) there was no Sec. 45(l), and when the latter section was added there was a failure to remove or modify Sec. 46 (g). If the latter section be given the scope urged by the plaintiff, the Commission would have the authority by rule to impair or share the "exclusive jurisdiction" which is expressly conferred upon the courts by Sec. 45.

■ And it appears that the plaintiff in the lower court placed no such reliance upon this rule as it does here. At any rate, that court, 80 F.Supp. 419, 425, stated: "The Commission also insists that Rule XXVI has nothing to do with Section 5 compliance reports, but is only in aid of economic survey reports under Section 6 (b)." The plaintiff here insists that its position was misinterpreted and quotes from its brief in that court. We note, however, the following statement from its quotation: "This rule was promulgated under subsection (g) of Sec. 6 and implements the authority granted the Commission by subsection (b) thereof." In our view, that was the purpose of the rule and the extent of its intendment. We are of the view that it furnishes no support for the controverted order before us.

■ Plaintiff also argues that the Commission has the inherent power to require reports of compliance with its orders to cease and desist. We need not explore the validity of this argument as it is beside the point. We are not here concerned with the power of the Commission, inherent or otherwise, to enforce its own orders, but with its power to enforce or aid in

enforcement of a decree of this court or an order of the Commission which has become merged in a decree of this court. This we think it had on its own initiative no power or authority to do.

The judgment appealed from is affirmed.

MINTON, Circuit Judge (dissenting).

A cease and desist order of the Federal Trade Commission that has become final without review or after review by this Court and is not complied with, may result in judgment by a District Court for a civil penalty under 15 U.S.C.A. § 45(*l*) or enforcement proceedings before the reviewing Court of Appeals, 15 U.S.C.A. § 45(d). Noncompliance may result in dual action—one, for a penalty before the District Court; two, for enforcement by contempt proceedings by the Court of Appeals; or a choice between the two remedies. Punishment for past delinquencies would seem to lie with the District Court. Enforcement looking to the future would seem to lie with the Court of Appeals. Whether to proceed for punishment or enforcement, or both, would require someone to produce the facts. This is the Commission's job. As I understand the instant proceeding, it is not an attempt at enforcement of this Court's decree by the proceeding here instituted in the District Court, and is therefore by no stretch of imagination an interference with the exclusive jurisdiction of this Court to enforce its orders. The instant proceeding is an attempt by the Commission to get the facts upon which to base a judgment as to whether there has been compliance, which, if present, results in no further proceedings; or noncompliance, which, if present, may lead to action for penalty or enforcement, or possibly both.

Does the Act authorize the Commission to use the procedure it has adopted here to get the facts? We must assume that the Commission is unable to tell from the data furnished whether there has been compliance. Public officers are presumed to act in good faith until the contrary has been made to appear. The Commission finds the authority for the present procedure to obtain the facts under 15 U.S.C.A. § 46(a) and (b) and under Rule 26[1] promulgated by the Commission. It is the position of the Commission that either the rule or the statute is sufficient to justify its action.

It seems to me that when Congress enacted the Federal Trade Commission Act, it was providing an integrated act and not a compartmentalized act, as the majority of this Court seems to think. In my view of the case, it is unnecessary to deal with Sec. 46(a) and (b) and the narrow, restricted construction thereof, as indulged in by the majority of this Court. I find ample support for the procedure of the Commission contained in its rules, read in conjunction with the provisions of the statute. Sec. 46(g) of the statute provides:

"Sec. 46. Additional powers of Commission.

"The Commission shall also have power—

$$* \quad * \quad * \quad * \quad * \quad *$$

"(g) From time to time to classify corporations and to make rules and regulations for the purpose of carrying out the provisions of sections 41-46 and 47-58 of this title."

This, it will be noted, is a part of Sec. 46 which the majority of this Court holds applies only to corporations. The section just quoted specifically refers to Secs. 41-46. Sec. 45, which is within this reference, deals with persons, partnerships, and corporations, and the cease and desist order here involved arose out of a Sec. 45 proceeding. It seems clear to me that Congress by Sec. 46(g) gave a broad power to make rules for the carrying out of the provisions of the whole Act. Under this power, the Commission promulgated Rule 26, the pertinent provisions of which read as follows:

"In every case where an order to cease and desist is issued by the Commission for the purpose of preventing violations of law and in every instance where the Commission approves and accepts a stipulation in which a party agrees to cease and desist from the unlawful methods, acts, or practices involved, the respondents named

---

[1] 12 Fed.Reg. 5448, August 12, 1947.

in such orders and the parties so stipulating shall file with the Commission, within sixty days of the service of such order and within sixty days of the approval of such stipulation, a report, in writing, setting forth in detail the manner and form in which they have complied with said order or with said stipulation; *provided, however,* that if within the said sixty (60) day period respondent shall file petition for review in a circuit court of appeals, the time for filing report of compliance will begin to run de novo from the final judicial determination;

\* \* \* \* \* \*

"Within its sound discretion, the Commission may require any respondent upon whom such order has been served and any party entering into such stipulation, to file with the Commission, from time to time thereafter, further reports in writing, setting forth in detail the manner and form in which they are complying with said order or with said stipulation."

We are dealing here with a cease and desist order that has been reviewed by this Court. The rules of the Commission provide that in such a case, the time for filing a report of compliance *begins to run* from the final judicial determination. Nothing is said as to *how long after the time commences to run* the report of compliance shall be filed with the Commission. Apparently the reviewing court's order fixes that time and in the instant case, this Court fixed it at ninety days. Obviously, this rule in no manner interferes with the jurisdiction of this Court to make or enforce its order. Under this rule, whose validity is not challenged here, and which rule has the effect of law, the Commission may require a party to such cease and desist order "to file with the Commission, from time to time thereafter, further reports in writing, setting forth in detail the manner and form in which they are complying with said order."

What the Commission did on September 2, 1947, in the instant case was to require the defendants to file within thirty days after the service of notice additional reports showing in detail the manner and form in which the defendants had been and were complying with the cease and desist order and the decree of this Court, together with some supporting data. On September 22, 1947, the Commission, at the request of one of the respondents in the cease and desist order, but not one of the defendants here, extended the time for filing the additional reports and data to November 1, 1947. The other eighteen respondents in the order complied. Apparently the Commission's procedure did not impress them as unusual. The defendants refused to comply and, being in default for more than thirty days after November 1, 1947, the Commission on February 27, 1948, served notice of default upon the defendants, and, upon their further failure to comply within thirty days, instituted the instant proceeding, pursuant to 15 U.S.C.A. § 50, which provides:

"If any corporation required by said sections to file any annual or special report shall fail so to do within the time fixed by the commission for filing the same, and such failure shall continue for thirty days after notice of such default, the corporation shall forfeit to the United States the sum of $100 for each and every day \* \* \*."

This Sec. 50 refers to "special reports" required by *"said sections,"* that is, Secs. 41–46 and 47–58 which are the essential provisions of the Act. True, the Commission's proceedings refer not to "special reports" but to "additional," "further" and "supplemental" reports. It seems to me to say the latter are not special reports is to indulge in a refinement in language that would not be countenanced even in a criminal proceeding. I think "additional," "further" and "supplemental" are the equivalent of "special," since they are all reports not required in the usual course.

The majority have stressed what it sees as an interference with this Court's jurisdiction to enforce its decree. This is a bit unsubstantial, it seems to me. If the facts obtained justify proceedings, the Commission might proceed only for the penalty under Sec. 45(*l*). In that instance, the Commission would not have to consult this Court at all. If it sought enforcement it could only be in this Court in full recognition of its jurisdiction.

What this case adds up to it this: That the defendants have refused deliberately, and with full consciousness of the consequences, to comply with an order of the Commission made pursuant to lawful authority, and such deliberate refusal comes squarely within the punitive provisions of Sec. 50. The Commission's rules have been published in the Code[2] as a part thereof, following 15 U.S.C.A. § 45. Since the regulations, which are authorized by the statute, together with the statute authorized the procedure which the Commission has followed, the defendants have certainly not been misled. I would reverse the judgment of the District Court.

---

[2] The present rule is Rule 26 in the Code. This rule is number 25 in prior publications of the rule in 11 Fed.Reg. 7074-7075, June 26, 1946; 10 Fed.Reg. 7388, June 20, 1945.