**UNITED STATES of America,**
**Plaintiff,**

v.

**STANDARD DISTRIBUTORS, INC., a corporation, and LeRoy S. Bimstein,**
**Defendants.**

**No. 66 C 970.**

United States District Court
N. D. Illinois, E. D.
April 26, 1967.

Edward V. Hanrahan, U. S. Atty., Chicago, Ill., for plaintiff.

Thomas H. Morsch, David P. List, Donald A. Mackay, Liebman, Williams, Bennett, Baird & Minow, Chicago, Ill., for defendant.

## OPINION

WILL, District Judge.

This action arises under Section 5(*l*) of the Federal Trade Commission Act, as amended ("Act"), 15 U.S.C. § 45(*l*) and 28 U.S.C. § 1345. Defendant Standard Distributors, Inc. ("Standard") is a corporation organized and existing under the laws of Illinois and is engaged in the offering for sale, sale and distribution of the New Standard Encyclopedia and its supplement, World Progress, and other books in interstate commerce. Defendant Bimstein is the President of Standard.

On June 13, 1952, the Federal Trade Commission ("Commission") issued its decision and order to cease and desist in a proceeding wherein defendants were charged with violating Section 5(a) of the Act. Defendants petitioned for review of the order and on February 26, 1954, the United States Court of Appeals for the Second Circuit affirmed the Commission.

On March 31, 1954 the Second Circuit entered its decree of enforcement. On June 29, 1954, by operation of law, that order became final. On January 27, 1955 the Commission, upon defendants' petition, modified two paragraphs of the order and on November 17, 1955, upon the joint motion of defendants and the Commission, the Second Circuit entered its decree of enforcement of the order as modified. The final order as modified has remained in full force and effect up to the present time.

Section 5(*l*) of the Act provides that any person, partnership or corporation violating an order of the Commission to cease and desist after the order has become final, and while it is in effect, shall forfeit and pay to the United States a penalty of not more than $5,000 for each

separate violation to be recovered in a civil action brought by the United States. Section 1345 of Title 28, United States Code, vests the several District Courts of the United States with original jurisdiction of all civil actions, suits or proceedings commenced by the United States.[1] Defendants have moved to dismiss or, in the alternative, to strike part of the complaint. In so doing they have raised four questions for the court's determination. We have orally ruled on the motions, denying each, but the novelty and importance of one of the questions requires that we enter this written opinion as to that issue.[2]

Defendants have challenged the applicability of the civil penalty provision, § 5(l), to the instant case. Conceding the validity of a civil penalty action for alleged violations of orders which become final when no petition for review is filed with a court of appeals within the sixty day period provided in § 5(c) of the Act, 15 U.S.C. § 45(c), defendants nevertheless contend that in those cases where review is sought by a corporation, partnership or person ordered to cease and desist and where the appeals court affirms the Commission, entering an enforcement order, the only remedy by which the Commission may seek compliance is the contempt power of the court of appeals. Defendants' theory is founded on § 5(d) of the Act, 15 U.S.C. § 45(d), which provides that "Upon the filing of the record with it the jurisdiction of the court of appeals of the United States to affirm, enforce, modify, or set aside orders of the Commission shall be exclusive." In short, despite the absence of any supporting language in § 5(l), defendants theorize that the civil penalty provision which was added to the Act as a new enforcement measure applies to some final Commission orders but not to others.

For the reasons set forth below, we conclude that the Congress, in enacting § 5(l), did not intend to permit the easy avoidance of this important enforcement weapon. Easy avoidance would indeed be the result if "Upon the filing of the record" with a court of appeals one ordered to cease and desist would no longer be subject to § 5(l).

The parties agree that there are no reported cases in which the precise issue was specifically decided. We note, however, the existence of numerous cases in both this circuit and the second circuit (where defendants brought their petition for review) in which a civil penalty was sought in a district court action after an enforcement decree had been entered by a court of appeals.[3] The

1. § 5(l) Any person, partnership, or corporation who violates an order of the Commission to cease and desist after it has become final, and while such order is in effect, shall forfeit and pay to the United States a civil penalty of not more than $5,000 for each violation, which shall accrue to the United States and may be recovered in a civil action brought by the United States. Each separate violation of such an order shall be a separate offense, except that in the case of a violation through continuing failure or neglect to obey final order of the Commission each day of continuance of such failure or neglect shall be deemed a separate offense.

§ 1345. Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

2. The questions previously determined by the court but for which no written opinion is necessary are: (1) Motion to dismiss for failure to allege scienter on the part of the corporation for the acts of its agents, *Held*, scienter unnecessary; (2) Motion to dismiss the individual defendant, *Held*, his liability depends on the facts of the case—the complaint sufficiently states a claim against him; and (3) Motion to strike that part of the complaint which includes the cease and desist order, as modified, *Held*, it may remain in the complaint as defendants will not be prejudiced by its inclusion.

3. See Steelco Stainless Steel, Inc. v. F.T.C., 187 F.2d 693 (7 Cir. 1951) F.T.C. affirmed and enforcement ordered; Subsequent penalty action: United States v. Steelco Stainless Steel, Inc. and Clyde C.

fact that the procedure of seeking a civil penalty was not challenged in those cases does not, of course, establish any binding judicial precedent. Nevertheless the apparent acceptance of the procedure coupled with the fact that the penalty provision was enacted almost twenty years ago without any question, until the present, of its applicability under these circumstances, is persuasive authority for the proposition that Congress intended the civil penalty section to apply to all final orders of the Commission whether review was sought or not. Moreover, the commentators and cases, albeit by way of dicta, have been unanimous in viewing § 5(*l*) as applicable to all orders. Finally, this is the only sensible interpretation.

Enacted in 1914, The Federal Trade Commission Act was amended by the Wheeler-Lea Act of 1938 at which time Congress "completely changed the method of enforcement." Austern, Five Thousand Dollars a Day, 21 A.B.A. Antitrust Section 285, 289 (1962). Of equal and coordinate importance with the addition of the penalty provision was the 1938 procedural change relating to the finality of Commission orders. The new § 5(*l*) containing the penalty provision was made applicable to "(A)ny person," etc. violating a cease and desist order *"after it has become final."* (emphasis supplied) The new § 5(g) provides that cease and desist orders "shall become final" in any one of four situations including: finality if no petition for review is filed within the sixty day period and finality if no petition for certiorari is filed within the time provided following affirmance by a court of appeals.

The rationale behind the finality change is apparent from the legislative history and commentary. Congress wanted to "avoid the 'three bites at the apple' of illegality—a first violation to sustain a Commission complaint and order; a second to secure a judicial order of enforcement; and a third violation to warrant punishment for contempt. Cease and desist orders not appealed within sixty days, were made automatically final." Austern, supra, page 289.

■ Although the legislative history contains no specific reference to the new enforcement remedy, it is self evident that Congress intended to coordinate finality with a new weapon which would put teeth into the enforcement machinery. The important procedural change triggers the substantive penalty addition. Finality, under either of the four situations stated in § 5(g), is the operative factor in § 5(*l*). We are satisfied that the Congress in enacting the new § 5(g) and § 5(*l*) intended the sections to be read together without limitation. With the benefit of hindsight we can say that additional language might also have been added to place § 5(*l*) in explicit harmony with § 5(d). Nevertheless, what is not explicit is clearly implicit, namely, that in those instances where review is sought and the Commission order is affirmed by a court of appeals, the Commission has two remedies which it may pursue to seek compliance. In the event no petition for review is filed, only a civil penalty action is available.

The cases and commentary consistently accept the doctrine of concurrent reme-

Carr, Civil Action No. 55 C 150 U.S. District Court, N.D.Illinois, 1955; Rhodes Pharmacal v. F.T.C., 208 F.2d 382, 383 (7 Cir. 1954) F.T.C. affirmed and enforcement ordered, aff'd. 348 U.S. 940, 75 S.Ct. 361, 99 L.Ed. 736 (1955); Subsequent penalty action; U.S. v. Rhodes Pharmacal Co. Inc. and J. Sanford Rose, Civil Action No. 63 C 929 U.S.Dis.Court, N.D.Illinois, 1963; Savitch v. F.T.C., 218 F.2d 817 (2 Cir. 1955) F.T.C. af-

firmed and enforcement ordered; Subsequent penalty action: U. S. v. Doris and Leo Savitch, Civil Action No. 60 C 1147 U.S.Dis.Court, E.D.N.Y., 1960; Parfums Corday v. F.T.C., 120 F.2d 808 (2 Cir. 1941) F.T.C. affirmed and enforcement ordered; Subsequent penalty action: U. S. v. Parfums Corday, Inc., Civil Action No. 61 C 4623 U.S.Dis.Court, S.D.N.Y. 1961.

dies. Mr. Austern writes, supra, at p. 296:

"If the respondent does not seek court review, the order becomes automatically final after 60 days, and the only method of enforcement open to the Government is a civil penalty suit.

"If the respondent seeks court review, the Commission can obtain an enforcement order at the same time that it secures affirmance of its cease and desist order. In these circumstances, the Commission has a double-barreled enforcement weapon: It can proceed by a contempt action, or it can pursue the civil penalty route."

Former F.T.C. Commissioner Anderson likewise makes no distinction with respect to the applicability of § 5(l) to cease and desist orders.[4]

In United States v. Morton Salt Co., 174 F.2d 703 (7 Cir. 1949) the court had earlier entered an enforcement decree. The government, in the district court brought an action pursuant to 15 U.S.C. § 50 in which it requested the defendants to file certain additional compliance reports. On appeal, although the penalty provision was not at issue, the majority and dissenting opinions both discuss the entire scope of enforcement procedures available to the Commission. Chief Judge Major in his opinion for the court wrote:

"We are informed that if the defendants are shown to have violated the order of the Commission modified in conformity with the decree of this court, two courses are open, (1) it can certify the facts to the Attorney General under Sec. 56 of the Act, requesting that he file a civil suit seeking civil penalties under the provisions of Sec. 45(l), or (2) it can petition this court for a rule requiring defendants to show cause why they are not in contempt of court." 174 F.2d at 705.

The then Judge Minton, in his dissent (on grounds irrelevant for our purposes) was even more explicit.

"A cease and desist order of the Federal Trade Commission that has become final without review *or* after review by this Court and is not complied with, may result in judgment by a District Court for a civil penalty under 15 U.S.C.A. § 45(l) or enforcement proceedings before the reviewing Court of Appeals, 15 U.S.C.A. § 45(d). Noncompliance may result in dual action—one, for a penalty before the District Court; two, for enforcement by contempt proceedings by the Court of Appeals; or a choice between the two remedies." 174 F.2d at 709 (emphasis supplied)

Additional persuasive dicta in this circuit is found in the opinion of Judge Sullivan in United States v. Standard Education Society, 55 F.Supp. 189 (N.D. Ill.1943).

"The Circuit Court of Appeals is vested with the exclusive jurisdiction to enforce the Commission's cease and desist orders under § 5(d), but that court has no jurisdiction over penalty suits. The two remedies are concurrent." 55 F.Supp. at 193

Two further points should be noted. First, when review is sought, if the Commission is affirmed, the Court of Appeals, pursuant to § 5(c) of the Act, "shall thereupon issue its own order commanding obedience to the terms of such order of the Commission." Thus it is not the Commission which requests an enforcement order from the reviewing court. One is entered automatically.

4. He writes: "Orders to cease and desist issued under the Federal Trade Commission Act become final by operation of law 60 days after service upon each respondent. Should a respondent exercise its statutory right of appeal to the appropriate United States Court of Appeals, the order, if affirmed, does not become final until the expiration of the time allowed for filing a petition for writ of certiorari. Violation of a final order subjects a respondent to a civil penalty of not more than $5,000 for each violation in a civil penalty proceeding brought in the name of the United States in the appropriate United States District Court." Anderson, Settlement and Compliance Procedures, 14 A.B.A. Antitrust Section 60, 64 (1959).

Second, a respondent before the Commission has the discretion to seek review of an order which directs it to cease and desist. Although defendants herein limit their argument to the present factual situation where a court of appeals has affirmed the Commission and entered its own enforcement order, reliance on the language of § 5(d) alone would create an anomalous result. Logically extended, the argument based on § 5(d) would permit a respondent simply "upon the filing of the record" with a court of appeals to avoid the civil penalty provision entirely, without necessarily pursuing the appeal to its conclusion. It is unnecessary, however, even to extend the argument in order to reach the unintended anomalous result. Defendants' construction would induce any respondent to appeal a cease and desist order and, if necessary, pursue it to its conclusion in order to avoid forever the more effective enforcement remedy, the civil penalty.

We hold that § 5(*l*) is equally applicable to all final cease and desist orders of the Commission. Accordingly, defendants' motion to dismiss is denied. An appropriate order will enter.